IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOBIN DON LEMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-0500-CVE-PJC |
| ) | |
| MIKE WATERS, Pawnee County Sheriff; ) | |
| J.T. ADAMS, Pawnee County Commissioner;) | |
| JERI SHAW, Jail Administrator; ) | |
| WESLEY CLYMER, Drug Task Force; ) | |
| TODD FENTON, Drug Task Force; ) | |
| CLINT STOUT, Drug Task Force; ) | |
| KEITH HAMMONS, Drug Task Force; ) | |
| PAWNEE COUNTY SHERIFF'S OFFICE; ) | |
| UNKNOWN PAWNEE COUNTY COURT ) | |
| CLERKS; JANETT DALLAS; et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

On August 11, 2011, Plaintiff, a state prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), and a motion to proceed *in forma pauperis* (Dkt. # 2). By Order filed August 17, 2011 (Dkt. # 6), the Court granted Plaintiff's motion to proceed *in forma pauperis*, denied motions contained within the complaint, dismissed Defendant Pawnee County Sheriff's Office, and directed Plaintiff to submit additional service documents. On August 23, 2011, the Clerk of Court received additional service documents from Plaintiff. Thereafter, on September 29, 2011, Plaintiff filed a motion to amend his complaint (Dkt. # 16). On October 6, 2011, the Court advised Plaintiff that since the complaint had not yet been served, he did not need leave of Court to file an amended complaint. See Dkt. # 19. On November 9, 2011, Plaintiff filed a "motion to proceed with supplemental propositions discovered after initial filing of complaint" (Dkt. # 22), an "ammended [sic] civil rights complaint supplementation to original complaint filed August 11th 2011" (Dkt. #

23), and a "notice of intent to proceed on original previously filed complaint in the alternative the supplemental proceedings are denied to ammend [sic]" (Dkt. # 24). As discussed below, Plaintiff's motion to proceed with supplemental propositions shall be granted in part and denied in part. In addition, after screening the complaint, see 28 U.S.C. § 1915A, the Court shall dismiss certain claims for failure to state a claim upon which relief may be granted. The United States Marshal shall effect service of process as to the remaining claims.

## BACKGROUND

When he filed his complaint, Plaintiff was in custody at the Pawnee County Jail ("PCJ"). Plaintiff's handwritten complaint (Dkt. # 1) is far from a model of clarity. His handwriting is small and almost illegible. However, it appears that Plaintiff's claims arise from (1) searches and seizures of his home conducted by the Pawnee County Drug Task Force on August 20, 2010, February 10, 2011, and July 11, 2011; (2) the medical care provided at the PCJ; and (3) conditions of confinement at the PCJ. In his original complaint, Plaintiff identifies approximately sixteen (16) counts.[1]

## ANALYSIS

**A.  Screening/Dismissal**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

---

[1] Counts I-XIV of the original complaint are clearly numbered. It appears two additional counts are contained in the original complaint but are not numbered: "Count XV" appears to begin with the statement "Plaintiff sustained a heart attack . . ." and "Count XVI" appears to be subtitled "Racism Destruction of County Property Without Any Type Reprecussions [sic]." See Dkt. # 1.

2

defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that

is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

**B.      Motion to supplement shall be granted in part and denied in part**

Plaintiff's motion to supplement and amend (Dkt. # 22) shall be granted in part and denied in part, as follow: first, in his "ammended [sic] civil rights complaint supplementation to original complaint" (Dkt. # 23) , Plaintiff he asks that the record be modified to reflect that the last name of Defendant "JT" is "Adams." That request shall be granted and the Clerk of Court shall be directed to modify the record accordingly. However, the remainder of Plaintiff's requests contained in his "ammended [sic] civil rights complaint supplementation to original complaint" shall be denied. Plaintiff was previously directed to file an amended complaint "complete in itself, including exhibits, without reference to the superseded pleading." See Dkt. # 19. Plaintiff has not complied with the Court's directive. The "ammended [sic] civil rights complaint supplementation to original complaint" is not complete in itself.  For that reason, this matter shall proceed with only the claims raised in the original complaint.

**C. Count VIII, challenge to grievance policy, fails to state a claim**

In Count VIII, Plaintiff complains that Defendants Waters and Shaw failed to answer some of his grievances, destroyed grievances, and returned grievances with untimely responses.  See Dkt. # 1.  To the extent Plaintiff attributes any injury to the adequacy of the grievance process provided at the PCJ, the complaint fails to state a claim upon which relief may be granted.  Plaintiff does not have a constitutionally protected right to have access to a grievance procedure or to receive what he would consider to be proper responses to his grievances. See, e.g., Bingham v. Thomas, --- F.3d ---, 2011 WL 3862101 (11th Cir. 2011); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Murray v.

4

Albany Cnty. Bd. of Cnty. Comm'rs, No. 99-8025, 2000 WL 472842 at *2 (10th Cir. Apr. 20, 2000) (unpublished). Thus, Defendants Waters and Shaw had no constitutional obligation to provide a grievance policy at all. As a result, Defendants Waters and Shaw cannot be held liable for injuries attributable to an allegedly inadequate grievance policy in effect at the PCJ.[2] Count VIII shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**D.     Count XIII fails to state a claim upon which relief may be granted**

In Count XIII, Plaintiff complains that he has been denied access to legal materials and that the Pawnee County Court Clerk's Office has refused to provide a copy of his criminal file. See Dkt. # 1. He also alleges he has been denied effective assistance of counsel during his criminal proceedings in Pawnee County District Court. Id.

"The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). Significantly, however, an inmate alleging a violation of constitutional access to the courts "must show actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996); Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam) (interpreting Lewis). For example, an inmate cannot bring a constitutional access to the court claim simply because that person's prison law library is subpar. See Lewis, 518 U.S. at 351. Rather, such an inmate "must go one step further

---

[2]Although the allegations contained in Count VIII do not implicate a constitutional violation, the allegations may be relevant to an analysis of the availability of administrative remedies, should Defendants assert that Plaintiff failed to exhaust administrative remedies. See, e.g., Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (stating that although 42 U.S.C. § 1997e requires inmates to exhaust "available" administrative remedies, the "failure [of prison officials] to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable").

5

and demonstrate that the alleged shortcomings in the library . . . hindered his efforts to pursue a legal claim." Id.

The Court finds that the portion of Count XIII regarding access to a law library shall be dismissed for failure to state a claim. First, Plaintiff was represented in his criminal proceedings by counsel. Therefore, because he was represented by an attorney trained in the law, he was not deprived of his right to access the court by being denied access to legal material or to his criminal file to assist in his defense. See Bounds, 430 U.S. at 828. In addition, Plaintiff has failed to allege supporting facts sufficient to state a claim for denial of his right to access the courts. Plaintiff simply complains that he was not allowed access to a law library while he was in custody at the PCJ. He has made no allegation suggesting that he was in any way hindered in pursuing a legal claim. The Court finds that Plaintiff's conclusory allegations are inadequate to support a claim of denial of access to courts in violation of the Constitution. For those reasons, that portion of Count XIII fails to state a claim upon which relief may be granted and shall be dismissed. In addition, because this is the only claim involving the Pawnee County Court Clerk's Office and Defendant Dallas, they shall be dismissed from this action.

Next, Plaintiff has been convicted of the charges he faced in Pawnee County District Court and he does not allege that the convictions have not been set aside or invalidated. In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held:

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner

> seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted); see also Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999) (explaining that any § 1983 claims that, if successful, will necessarily imply the invalidity of his conviction or sentence are "premature" until the conviction is invalidated). Plaintiff's claim that he was denied the effective assistance of counsel necessarily implies the invalidity of his conviction and is, therefore, premature under Heck. As a result, Count XIII shall be dismissed for failure to state a claim upon which relief may be granted.

**E. Request that Defendant Shaw be terminated shall be denied**

As part of his requested relief, Plaintiff asks for the "complete termination of Jeri Shaw." See Dkt. # 1. That is an improper request under 42 U.S.C. § 1983. Plaintiff's request for Defendant Shaw's termination from her employment is beyond the authority of this Court and therefore is not a proper request for relief in this action. Accordingly, that claim for relief shall be denied.

**F. Service of complaint**

After completing an initial review of the claims in the complaint, the Court finds that an investigation and Special Report are necessary to develop a record sufficient to ascertain whether there is a factual or legal basis for Plaintiff's claims as asserted in the remaining counts. See Hall, 935 F.2d at 1109; Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978). Therefore, the Clerk shall issue the summonses provided by Plaintiff for Defendants Waters, J.T. Adams, Shaw, Clymer, Fenton, Stout, and Hammons, and deliver them, along with the USM-285s, seven (7) copies of the

7

complaint (Dkt. # 1), and seven (7) copies of this Order, to the U.S. Marshal for service on Defendants.[3] Upon service, officials responsible for the agency involved in the civil rights violations alleged in the complaint shall undertake a review of the subject matter of the complaint:

- (a) to ascertain the facts and circumstances;

- (b) to consider whether any action can and should be taken by the institution or other appropriate officials to resolve the subject matter of the complaint; and

- (c) to determine whether other like complaints, whether pending in this Court or elsewhere, are related to this complaint and should be taken up and considered together.

In conducting the review, a written report shall be compiled and filed with the Court. Authorization is granted to interview all witnesses including Plaintiff and appropriate officers of the agency. Wherever appropriate, medical or psychiatric examinations shall be made and included in the written report. Any rules and regulations pertinent to the subject matter of the complaint shall be included in the written report. The Special Report and Defendants' answer(s) and/or dispositive motion(s) shall be filed no later than sixty days from the date of service. The Special Report made in the course of this investigation shall be filed as a separate document.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion to supplement (Dkt. # 22) is **granted in part** and **denied in part**, as follows:

    a. Plaintiff's request to modify the record to reflect that the last name of Defendant "JT" is "Adams," is **granted**. The Clerk of Court shall modify the record accordingly.

---

[3]The Court hereby extends the time for service an additional 60 days pursuant to Fed. R. Civ. P. 4(m).

b. The remainder of Plaintiff's requests contained in his "ammended [sic] civil rights complaint supplementation to original complaint" are **denied**. This matter shall proceed with the claims raised in the original complaint.

2. Count VIII is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

3. Count XIII is **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

4. Defendants Unknown Pawnee County Court Clerks and Janett Dallas are **dismissed without prejudice** for failure to state a claim upon which relief may be granted.

5. Plaintiff's request for Defendant Shaw's termination from employment is **denied**.

6. The Clerk shall **issue** the summonses provided by Plaintiff for Defendants Waters, J.T. Adams, Shaw, Clymer, Fenton, Stout, and Hammons, and deliver them, along with the USM-285 forms, seven (7) copies of the complaint (Dkt. # 1), and seven (7) copies of this Order, to the U.S. Marshal for service on Defendants.

7. The agencies allegedly responsible for the remaining civil rights violations, as alleged in Counts I through VII, IX-XII, and XIV-XVI, of the complaint, shall prepare Special Reports(s) as directed herein.

8. **The Special Report(s) and Defendants' answer(s) and/or dispositive motion(s) shall be filed no later than sixty days from the date of service.** The Special Report(s) made in the course of this investigation shall be filed as separate document(s).

9. No applications, motions, or discovery should be filed or considered until the steps set forth in this order have been completed, except as the Court further orders.

10. Should Defendants file dispositive motion(s), Plaintiff shall file a **response** within twenty-one (21) days after the filing of Defendants' motion(s).  **Failure to file a response could result in the entry of relief requested in the motion.  <u>See</u> LCvR 7.2(e),(f).**

**DATED** this 13th day of January, 2012.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT